UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KERRY TYSON AND DONALD TYSON** ) | Case Number |
| ) | |
| Plaintiffs ) | CIVIL COMPLAINT |
| ) | |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| **I.C. SYSTEMS, INC.** ) | |
| ) | |
| Defendant ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Kerry Tyson and Donald Tyson, s/f, by and through their undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiffs, Kerry Tyson and Donald Tyson, s/f, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices, as well as violations of the Telephone Consumer Protection Act (TCPA).

## I. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiffs, Kerry Tyson and Donald Tyson, s/f, (hereinafter "Plaintiffs"), are adult natural persons both residing in Quakertown, PA.  At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, I.C. Systems, Inc., (hereinafter "Defendant")  at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Minnesota with its principal place of business located at 444 East Highway 96, Saint Paul, MN 55164.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about February 22, 2012, Plaintiff, Kerry, received a letter from the Defendant informing him that he owed an alleged debt on a delinquent Verizon account. **See "EXHIBIT A" (letter) attached hereto**.

8. Plaintiff, Kerry, was said to owe approximately $67.50.

9.     On or about February 29, 2012, Plaintiff, Kerry, also started to receive daily calls from Defendant collecting on the above referenced debt.

10.    Although the Defendant knew how to contact Plaintiff, Kerry, his father, Plaintiff, Donald, started to receive calls from Defendant looking for his son.

11.    During each call, Plaintiff, Donald, informed the Defendant that they were calling the wrong number.

12.    Despite being informed that they did not have the right number, Defendant continued to call Plaintiff, Donald.

13.    On or about March 11, 2012, at 5:14pm, Defendant placed a call to Plaintiff, Donald, again.

14.    On or about March 13, 2012, at 6:11pm, Plaintiff, Kerry, received another call from the Defendant.

15.    In March, 2012, Defendant left a voice mail on Plaintiff, Donald's, phone referencing Plaintiff, Kerry's delinquent account.

16.    Defendant continues to place continuous calls to both Plaintiffs.

17.    The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

18.    The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## COUNT I – FDCPA
*Plaintiff, Kerry Tyson v. IC Systems, Inc.*

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff, Kerry, for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§§ 1692b(2):  Contact of Third Party: Stated that the consumer owes any debt

§§ 1692b(3):  Contact of Third Party: Contacted a person more than once, unless requested to do so

§§ 1692c(b):  With anyone except consumer, consumer's attorney, or credit bureau

§§ 1692d:  Any conduct that natural consequence of which is to harass, oppress or abuse any person

§§ 1692d(5):   Caused the phone to ring or engaged any person in telephone conversations repeatedly

§§ 1692e:   Any other false, deceptive or misleading representation or means in connection with the debt collection

§§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f:   Any unfair or unconscionable means to collect a debt or attempt to collect a debt

**WHEREFORE**, Plaintiff, Kerry, respectfully requests that this court enter judgment in their favor and against I.C. Systems, Inc., for the following:

a.   Actual damages;

d.   Statutory damages pursuant to 15 U.S.C. §1692k;

c.   Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.   Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)
*Plaintiff, Kerry Tyson v. IC Systems, Inc.*

24.   Plaintiff, Kerry, repeats, re-alleges and incorporates by reference the foregoing paragraphs.

25. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

26. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

27. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

28. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

29. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

30. As a direct and proximate result of the said actions, Plaintiff, Kerry, has suffered financial harm.

31. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff, Kerry, is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff, Kerry, prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. Actual damages;

   b. Treble damages;

    c.    An award of reasonable attorneys fees and expenses and costs of court; and

    d.    Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.
*Plaintiff, Kerry Tyson v. IC Systems, Inc.*

32.    The foregoing paragraphs are incorporated herein by reference.

33.    Plaintiff, Kerry and Defendant are "Persons" to 73 Pa. C.S § 201-2.

34.    The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

35.    The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

    a.    Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b.    Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c.    Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

36.    As a direct and proximate result of the said actions, Plaintiff, Kerry, has suffered financial damages and other harm.

37. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff, Kerry, is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff, Kerry, prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. An Order declaring that Defendant violated the UTPCPL;

    b. Actual damages;

    c. Treble damages;

    d. An award of reasonable attorney's fees and expenses and cost of suit; and

    e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

### COUNT IV –TCPA

*Plaintiff, Donald Tyson v. IC Systems, Inc.*

38. The above paragraphs are hereby incorporated herein by reference.

39. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

40. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

    a. The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

      b.      The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

      c.      The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff, Donald, respectfully requests that this court enter judgment in his favor and against Defendant and Order the following relief:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Treble damages.

### V.    JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date:  April 20, 2012      **BY:** */s/  Brent F. Vullings bfv8435*
Brent F. Vullings, Esquire

Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA  19426
610-489-6060
610-489-1997 fax
Attorney for Plaintiff